# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR353 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| ERROLL FLYNN SHEPARD, | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 653) and motion for leave to proceed in forma pauperis (Filing No. 654). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

The Defendant was found guilty after a jury trial to a one-count Indictment charging him with conspiring to distribute or possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. (Filing No. 335.) Shepard was sentenced to 360 months imprisonment and 10 years supervised release. (Filing No. 457.) He filed a direct appeal. (Filing No. 458.) The Eighth Circuit Court of Appeals affirmed Shepard's conviction and remanded his case to this Court for resentencing under *Booker*. (Filing No. 552.) On June 4, 2007, Shepard was resentenced to 300 months imprisonment and 10 years supervised release. (Filing No. 595.) He filed

his § 2255 motion on June 2, 2008. (Filing No. 653.) On July 21, 2008, his motion for resentencing under the amended crack cocaine sentencing guidelines was denied. (Filing No. 669.) The Eighth Circuit affirmed the denial of Shepard's motion for resentencing under the new crack cocaine guidelines, and Shepard filed a petition for a writ of certiorari. (Filing No. 676.) On December 8, 2008, the Supreme Court denied his petition for a writ of certiorari. *Shepard v. United States,* 129 S. Ct. 750 (2008).

## DISCUSSION

Shepard raises the following claims: he experienced unnecessary delay before his initial appearance in violation of Federal Rule of Criminal Procedure 5 (Claim 1); computation of time served (Claim Two); and the Court erred in counting a prior conviction against him for career offender and 21 U.S.C. § 851 enhancement purposes (Claim Three).

### *Rule 5*

This Court's decision regarding Shepard's allegation surrounding a 55-day period before his initial appearance was considered at length and affirmed by the Eighth Circuit Court of Appeals. (Filing No. 552, at 16-20.) Claims already decided on direct appeal cannot be relitigated in the § 2255 context. *Bear Stops v. United States,* 339 F.3d 777, 780 (8th Cir. 2003). This claim is denied.

### *Time Computation*

Shepard argues that there was a federal hold on him when he was in a county jail from September 6, 2002, until March 5, 2003, and therefore he "would like [his] sentence to start from Oct. 25, 2002, instead of March 5, 2003." (Filing No. 653, at 5.)

18 U.S.C. § 3585 controls the date on which a federal sentence begins. The federal Bureau of Prisons ("BOP") calculates the credit for time served. *United States v. Hayes,* 535 F.3d 907, 910 (8th Cir. 2008) (citing *United States v. Wilson,* 503 U.S. 329, 335 (1992)), *petition for certiorari filed,* __ U.S.L.W. __ (U.S. Nov. 5, 2008) (No. 08-7215). The Court recommended to the BOP that Shepard receive credit for time served. (Filing No. 457, at 2.) This claim is denied.

***Qualifying Prior Conviction***

Shepard argues that the qualifying prior conviction described in ¶ 86 of the Presentence Investigation Report is not a serious drug offense as he was sentenced to five years imprisonment on that charge, "below the mandatory minimum of a serious drug case which is needed to career or 851 enhance." (Filing No. 653, at 7.)

The government filed an Information of Prior Conviction (Filing No. 277) which resulted in Shepard facing a mandatory minimum sentence of 20 years, 10 years supervised release, and a potential fine of $8,000,000. The conviction was proved at sentencing. Shepard's argument that in order to qualify as a prior conviction under § 851 a prior drug felony conviction must have included a sentence bearing some relation to federal mandatory minimum sentences is misplaced. A prior drug felony conviction, such as the prior conviction alleged in the government's Information, meets the requirement of § 851. *United States v. Pratt,* 553 F.3d 1165, 1169 (8th Cir. 2009); 21 U.S.C. § 841(b)(1)(A) ("felony drug offense"); 21 U.S.C. § 802(44) (defining a "felony drug offense" as an offense prohibiting conduct relating to illegal narcotics and that is punishable by more than one year imprisonment).

3

Regarding Shepard's career offender status, U.S.S.G. § 4B1.1 requires at least two prior convictions of either a crime of violence or a controlled substance offense. As discussed above, the prior offense in question meets the definition of a prior felony controlled substance conviction.

This claim is denied.

## CONCLUSION

For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that the Defendant is not entitled to relief with respect to any of his claims. All claims are denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 653);

2. The Defendant's Motion (Filing No. 653) is summarily denied;

3. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 654) is summarily denied;

4. A separate Judgment will be issued denying the § 2255 motion; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 9th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge