**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    vs.<br><br>ERROLL FLYNN SHEPARD,<br><br>              Defendant. | 8:02CR353<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion to Reduce Sentence Under Section 404 of the First Step Act, ECF No. 874. The Probation Office submitted a Revised 2019 First Step Act Retroactive Sentencing Worksheet, ECF No. 883, in which that Office concluded that the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), caused the Defendant's mandatory minimum term of imprisonment to be reduced from twenty years to ten years, but did not alter his range of imprisonment under the U.S. Sentencing Guidelines. That range of imprisonment remains at 360 months to life. The Defendant's sentence of 300 months was well below the Guideline range as the result of a variance granted by this Court, following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), issued pending the Defendant's initial appeal of his conviction and sentence.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, reduced the penalties for certain crack cocaine offenses. The First Step Act, at § 404, permits but does not require sentencing judges to apply the Fair Sentencing Act to sentences imposed prior to August 3, 2010. In *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019), the Court of Appeals noted that a court

considering a motion for a reduced sentence under § 404 of the First Step Act first must decide whether the defendant is eligible for relief, and then must decide, in its discretion, whether to grant a reduction.

The Defendant is eligible for a reduced sentence under the First Step Act, because his sentence of 300 months incarceration exceeds the statutory mandatory minimum term for his offense. That said, the sentence imposed also exceeded the prior statutory mandatory minimum. His criminal history is extensive and violent. Other arguments the Defendant's raises in his Brief, ECF No. 875, seeking a reduction in sentence under the First Step Act, were addressed in prior Orders of this Court, ECF Nos. 697, 788, and will not be revisited here.

As in Chief Judge John Gerrard's well-reasoned decision in *United States v. Moore*, 412 F.Supp.3d 1111 (D. Neb. 2019), this Court concludes that a discretionary reduction in the Defendant's sentence under the First Step Act is not warranted.

IT IS ORDERED:

1. The Defendant's Motion to Reduce Sentence Under section 404 of the First Step Act, ECF No. 874, is denied; and
2. A separate Judgment will be entered.

Dated this 13th day of March 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge